**ROBINSON BROG LEINWAND GREENE
 GENOVESE & GLUCK P.C.**
875 Third Avenue
New York, New York 10022
A. Mitchell Greene
Fred B. Ringel
*Proposed Attorneys for the Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:                                                          Chapter 11

**AAGS HOLDINGS LLC,**                          Case No: 19-13029-smb

                          Debtor.
-----------------------------------------------------------X

### APPLICATION FOR ORDER (I) PRELIMINARILY APPROVING DISCLOSURE STATEMENT AND (II) SCHEDULING HEARING ON THE DEBTOR'S APPLICATION FOR AN ORDER GRANTING FINAL APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMING DEBTOR'S PLAN OF REORGANIZATION

TO THE HONORABLE STUART M. BERNSTEIN,
UNITED STATES BANKRUPTCY JUDGE:

      **AAGS Holdings LLC** (the "Debtor"), by its proposed attorneys, **Robinson Brog Leinwand Greene Genovese & Gluck P.C.,** respectfully sets forth and alleges:

      1.     On September 20, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of 11 U.S.C. §101 et seq. (the "Bankruptcy Code"), and has remained in possession of their property and the management of their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

      2.     The Debtor is a limited liability company currently under contract to purchase the real property located at 23-10 Queens Plaza South, Queens, New York (the "Property"). The Property is currently owned by QPS 23-10 Development LLC ("Seller"). Debtor and Seller

entered into an Agreement of Purchase and Sale dated July 17, 2019 (the "APS") to sell the Property to the Debtor for a purchase price of $27,500,000, with closing scheduled for September 20, 2019.  The Debtor's emergency filing was precipitated by the Debtor's need for additional time to consummate the APS with the Seller and to avoid losing its rights under the APS and $100,000 deposit.

3. No Committee of Unsecured Creditors has been appointed in this case.

4. Jurisdiction over this application is vested in the United States District Court for this District pursuant to Sections 1334 of Title 28 of the United States Code (the "Judicial Code").

5. This application has been referred to this Court for consideration pursuant to §157 of the Judicial Code and the Standing Order of Reference Regarding Title 11 (S.D.N.Y. Feb. 1, 2012) (Preska, C.J.).

6. This is a core proceeding arising under Title 11 of the United States Code.  See, 28 U.S.C. §157(b)(1).  The statutory predicates for the relief sought herein are Sections 105, 363, 1121, 1125, 1126, 1128 and 1129 of the Bankruptcy Code and Rules 2002, 3016, 3017 and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

7. Venue of this application in this district is proper pursuant to Section 1409 of the Judicial Code.

8. The Debtor has filed its plan of reorganization (the "Plan") (ECF doc. no. 15) and disclosure statement for plan of reorganization (the "Disclosure Statement") (ECF doc. no. 16) on October 11, 2019.  The Plan provides for (a) approval of the exit financing which will be in an amount sufficient to fund all payments under the Plan, including funding the purchase of the Property under the APS and (b) the immediate post-effective date closing under the APS which

will be assumed by the Debtor under section. The Debtor respectfully refers the Court to the Plan and Disclosure Statement for their specific terms and incorporates each herein by reference.

## COMBINED HEARING

9. Because the Plan provides for a 100% distribution, plus interest, to all creditors, the Debtor requests a combined hearing on approval of the Debtor's Disclosure Statement followed by a hearing to confirm the Debtor's Plan. Under section 108(b) of the Bankruptcy Code, the Debtor has 60 days from the Petition Date to cure its default under the APS by performing its obligations under the Contract. Accordingly, the latest date for the Debtor to close on the APS would be November 19, 2019.

10. Additionally, as a practical matter, there is a possibility that the Debtor's title company may require any order confirming the Debtor's Plan to become final after 14 days, before it would agree to close title, regardless of whether the confirmation order waives the 14-day stay of a confirmation order as set forth in Bankruptcy Rule 3020(e). *See* Fed. R. Bankr. P. 3020(e) ("An order confirming a plan is stayed until the expiration of 14 days after entry of the order, unless the Court orders otherwise"). Therefore, it is necessary for the Debtor to obtain entry of a confirmation order as expeditiously as possible and on or before November 4, 2019.

11. The Debtor seeks an order (a) preliminarily approving the Disclosure Statement, since there will be no solicitation of votes and (b) authorizing the Debtor to proceed with the combined disclosure statement and confirmation hearings at a date to be scheduled by the Court in accordance with the Motion to Shorten Time and proposed order shortening time (the "Scheduling Order") which is filed contemporaneously with this Motion. Debtor submits that this Court has authority to approve the requested combined hearing process pursuant to Section 105(d)(2)(B)(vi) of the Bankruptcy Code. *See* 11 U.S.C. § 105(d)(2)(B)(vi) ("court, on the

request of a party in interest . . . provide[] that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan").

12. The Plan as proposed does not require solicitation of votes as all creditors will be paid in full on account of their allowed claims. Accordingly, all classes of claims and interests are unimpaired and therefore deemed to have accepted the Plan. The Debtor submits that scheduling the combined Disclosure Statement hearing and Plan confirmation hearing will not prejudice any party, and in fact, will benefit all parties as the Debtor's estate will not have to expend additional resources preparing for and attending two separate hearings – one to approve the Disclosure Statement and one to confirm the Plan. Additionally, should the Debtor not be able to confirm its Plan and close on the sale of the Property by November 19, 2019, the Debtor risks having the APS terminate by operation of law.

13. The Debtor believes that the requested combined hearing will afford every party in this case with a full and fair opportunity to review the Disclosure Statement, and if necessary, object to the Disclosure Statement or confirmation of the Plan while balancing the interests of all parties in an expeditious confirmation process.

14. The Debtor submits that the proceeds from the exit financing will be more than sufficient to satisfy full payment of all allowed claims. As noted herein, no class of claims is impaired under the Plan and therefore votes are not being solicited. Payments to creditors are to be made from the proceeds of the exit financing which can be completed immediately after confirmation.

## THE DISCLOSURE STATEMENT HEARING

15. Bankruptcy Code Section 1125(b) provides:

> "an acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim

>or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the Court as containing adequate information…"

11 U.S.C. §1125(b).

16. A copy of the Plan and Disclosure Statement will be served with this application upon all creditors, interest holders and other parties in interest, pursuant to the proposed Scheduling Order.

17. "Adequate information," is defined by the Bankruptcy Code as:

>"information of kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan..."

11 U.S.C. §1125(a); *See also*, *In re Scioto Valley Mortgage Company,* 88 B.R. 168,170 (Bankr. S.D. Ohio 1988) ("The Disclosure Statement was intended by Congress to be the primary source of information upon which creditors and shareholders could rely in making an informed judgment about the plan"); *Oneida Motor Freight, Inc. the United Jersey Bank*, 848 F.2d 414, 417 3d Cir.), *cert. denied*, 488 U.S. 967 (1988) ("The importance of full disclosure is undelayed by the reliance placed upon a disclosure statement by creditors and the Court. Given this reliance, we cannot overemphasize the Debtor's obligation to provide sufficient data to satisfy the Code's standard of "adequate information").

18. Case law under Section 1125 of the Bankruptcy Code has produced a list of factors, which, under the facts and circumstances of a particular case, may be necessary to meet

the statutory requirements of section 1125. *In re Metrocraft Publishing Services Inc.*, 39 B.R. 567 (Bankr. N.D. Ga. 1984). However, disclosure of all of the factors is not necessary in every case. *Id.* Conversely, the list is not exhaustive and a case may arise in which disclosure of all of the enumerated factors is still not sufficient. *Id.* The relevant factors are:

> (1) the events which led to the filing of a bankruptcy petition; (2) a description of the available assets and their value; (3) the anticipated future of the company; (4) the source of information stated in the disclosure statement; (5) a disclaimer; (6) the present condition of the debtor while in Chapter 11; (7) the scheduled claims; (8) the estimated return to creditors under a Chapter 7 liquidation; (9) the accounting method utilized to produce financial information and the name of the accountants responsible for such information; (10) the future management of the debtor; (11) the Chapter 11 plan or a summary thereof; (12) the estimated administrative expenses, including attorneys' and accountants' fees; (13) the collectability of accounts receivable; (14) financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the Chapter 11 plan; (15) information relevant to the risks posed to creditors under the plan; (16) the actual or projected realizable value from recovery of preferential or otherwise voidable transfers; (17) litigation likely to arise in a non-bankruptcy context; (18) tax attributes of the debtor; and (19) the relationship of the debtor with affiliates.

39 B.R. at 568; *See also, In Re Cardinal Congregate I*, 121 B.R. 760, 765 (Bankr. S.D. Ohio 1990) (*citing In Re Scioto Valley Mortgage Co.,* 88 B.R. 168, 170-171 (Bankr. S.D. Ohio 1988)).

19. The definition of "adequate information" is generally applied on a case by case basis. The Debtor believes the Disclosure Statement addresses the majority of the relevant factors identified herein and submits that the Disclosure Statement contains adequate information with respect to the Debtor and the treatment of its creditors and should be approved by this Court. The Debtor requests that the confirmation hearing be scheduled to proceed directly subsequent to the Disclosure Statement Hearing.

20. With respect to the approval of a disclosure statement, the Bankruptcy Rules provide that:

> Except as provided in Rule 3017.1, after a disclosure statement is filed in accordance with Rule 3016(b), the court shall hold a hearing on at least 28 days' notice to the debtor, creditors, equity security holders and other parties in interest as provided in Rule 2002 to consider the disclosure statement and any objections or modifications thereto. The plan and the disclosure statement shall be mailed with the notice of the hearing only to the debtor, any trustee or committee appointed under the Code, the Securities and Exchange Commission and any party in interest who requests in writing a copy of the statement or plan. Objections to the disclosure statement shall be filed and served on the debtor, the trustee, any committee appointed under the Code, and any other entity designated by the court, at any time before the disclosure statement is approved or by an earlier date as the court may fix. In a Chapter 11 reorganization case, every notice, plan, disclosure statement, and objection required to be served or mailed pursuant to this subdivision shall be transmitted to the United States Trustee within the time provided in this subdivision.

Fed. R. Bankr. P. 3017(a).

21. As the Debtor is requesting to proceed with a combined hearing on the adequacy of the information contained in its Disclosure Statement, and thereafter confirmation of its Plan, Debtor is prepared to serve all parties with a copy of the instant application, the Plan and the Disclosure Statement and any and all exhibits thereto by regular mail, which Debtor submits is appropriate. Rule 3017(d), which provides for the transmission of a plan and disclosure statement in a Chapter 11 case, provides as follows:

> Upon approval of a disclosure statement, - except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders-the debtor...shall mail to all creditors and equity security holders, and in a chapter 11

> reorganization case shall transmit to the United States Trustee (1) the plan or a court-approved summary of the plan; (2) the disclosure statement approved by the court; (3) notice of the time within which acceptances and rejections of the plan may be filed; and (4) any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.
>
> In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b)…

Fed. R. Bankr. P. 3017(d).

22. As no classes of claims or interests are impaired under the Plan, each class is deemed to have voted to accept the Plan and acceptances or rejections of the plan are not being solicited. Section 1126(f) of the Bankruptcy Code provides as follows:

> Notwithstanding any other provision of this section, a class that is not impaired under a plan, and each holder of a claim or interest of such class, are conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class from the holders of claims or interests of such class is not required.

11 U.S.C. §1126(f). This conclusive presumption relieves the Debtor of any need to solicit acceptance by unimpaired creditors or classes of creditors. *See, e.g.*, *In re Feldman*, 53 B.R. 355, 357-358 (Bankr. S.D.N.Y. 1985) (no need for disclosure to unimpaired classes); *see also In re Chateaugay Corp.*, 150 B.R. 529, 542 (Bankr. S.D.N.Y. 1993) ("A secured creditor whose claim is treated in accordance with section 1124 of the Code is deemed unimpaired and is 'conclusively presumed' to have accepted the plan, thereby relieving the debtor of any need to solicit an acceptance by the creditor or class of creditors").

## **THE CONFIRMATION HEARING**

23. The Bankruptcy Rules provide that "on or before approval of a disclosure statement, the *court*…may fix a date for the hearing on confirmation." Fed. R. Bankr. P. 3017(c). In the event no objections to the adequacy of the information contained in the

Disclosure Statement are filed, or in the event objections are filed and overruled by the Court, the Debtor requests that the confirmation hearing commence immediately upon the conclusion of the Disclosure Statement Hearing.  In the event that timely objections to the adequacy of the information contained in the Disclosure Statement are filed and sustained by the Court at the Disclosure Statement Hearing, the Debtor requests that the Court at that time consider a manner in which the Debtor can appropriately modify the Disclosure Statement so as to be able to proceed with the confirmation hearing or to otherwise reschedule the confirmation hearing on as expedited a basis as is practicable.

24.	The Debtor requests that any objections or proposed modifications to the Disclosure Statement and/or the Plan be in writing, filed with the Court in accordance with the rules with respect to the Court's Electronic Filing System and served so as to be <u>received</u> by counsel for the Debtor, A. Mitchell Greene, Esq., Robinson Brog Leinwand Greene Genovese & Gluck P.C., 875 Third Avenue, New York, New York 10022, and the Office of the United States Trustee for the Southern District of New York, U.S. Federal Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Shannon Scott, Esq. one week before the confirmation hearing.

25.	This application, the Plan, Disclosure Statement and any and all exhibits thereto, would be served upon:

   (a) all creditors listed in the Debtor's Schedules filed pursuant to Bankruptcy Rule 1007;

   (b) all parties who have formally appeared and requested notice in this case;

      (c)    all parties who have filed proofs of claim in this case;

      (d)    the United States Trustee;

      (e)    all parties to executory contracts and unexpired leases;

      (f)    all governmental agencies specified in Bankruptcy Rule 2002(j).

26.     The Debtor submits that such notice is appropriate under the applicable Bankruptcy Rules.

### **WAIVER OF BANKRUPTCY RULES 3020(e), 6004(h), 7062**

27.     To implement the foregoing successfully, the Debtor seeks a waiver of the fourteen (14) day stay periods set forth in Bankruptcy Rules 3020(e), 6004(h) and 7062.

28.     No previous application for the relief sought herein has been made to this Court or any other Court.

**WHEREFORE**, for all of the foregoing reasons, the Debtor seeks the entry of an order, without the need for a hearing, pursuant to §§105, 1121, 1125, 1126, 1128 and 1129 of the Bankruptcy Code and Bankruptcy Rules 2002, 3016, 3017 and 3020 (a) preliminarily approving the Debtor's Disclosure Statement and (b) scheduling a hearing to approve the Disclosure Statement on a final basis and to confirm the Debtor's Plan and for such other and further relief as is just and proper.

**Dated:**  New York, New York
October 11, 2019

            **ROBINSON BROG LEINWAND
GREENE GENOVESE & GLUCK P.C.
Proposed Attorneys for the Debtor**
875 Third Avenue, 9th Floor
New York, New York 10022
Tel. No.: 212-603-6300

By: /s/ A. Mitchell Greene
     **A. Mitchell Greene**