**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

In re:                                                                                          Chapter 11

**AAGS HOLDINGS LLC,**                                          Case No.: 19-13029 (SMB)

                         Debtor.
-----------------------------------------------------------X

**ORDER GRANTING FINAL APPROVAL OF**
**DISCLOSURE STATEMENT AND CONFIRMING PLAN OF REORGANIZATION**

**UPON** the Motion for an Order (I) Preliminarily Approving Disclosure Statement and (II) Scheduling Hearing on the Debtor's Motion for an Order Granting Final Approval of Disclosure Statement and Confirming Debtor's Plan of Reorganization filed on October 11, 2019 (the "Combined Hearing Motion") (ECF doc. no. 17); the Revised Order Shortening Notice and Scheduling Hearing on the Debtor's Motion for an Order Approving Disclosure Statement and Confirming Debtor's Plan of Reorganization (the "Scheduling Order") (ECF doc. no. 19); and

**IT APPEARING THAT,** the Debtor filed its Plan of Reorganization (the "Initial Plan")[1] (ECF doc. no. 15) and its Disclosure Statement for the Plan (the "Initial Disclosure Statement" (ECF doc. no. 16) on October 11, 2019 as modified by its Amended Plan of Reorganization dated November 8, 2019 (the "Amended Plan")(ECF doc no. 39) and the Amended Disclosure Statement for the Amended Plan (the "Amended Disclosure Statement") dated November 8, 2019 (ECF doc no. 40) and as further modified by the Debtor's Second Amended Plan of Reorganization dated November 11, 2019 and exhibits thereto (the "Second Amended Plan")(ECF doc. No. 41) and the Debtor's Second Amended Disclosure Statement for the

---

[1] Capitalized terms not otherwise defined in this Confirmation Order shall have the same meaning as set forth in the Plan.
{01034748.DOC;1 }

Second Amended Plan dated November 11, 2019 and exhibits thereto (the "Second Amended Disclosure Statement") (ECF Doc. No. 42) ; and

Due and proper notice having been given with respect to the Combined Hearing Motion and the Scheduling Order for the confirmation hearing and the procedures for filing objections to the Initial Disclosure Statement and the Initial Plan and the adjourned hearings thereon; and

QPS 23-10 Development LLC having filed the only objection to final approval of the Disclosure Statement and Confirmation of the Plan of Reorganization (ECF doc no. 28)(the "Objection"); and

**THE** Court having held a hearing on October 29, 2019 to consider final approval of the Disclosure Statement and confirmation of the Plan, which has been adjourned to November 14, 2019 (together, the "Confirmation Hearing"); and

**UPON** the Declaration of David Goldwasser in Support of Confirmation of Plan of Reorganization filed on October 24, 2019 (ECF doc. no. 28); and upon the proffer of counsel on the record at the Confirmation Hearing; and upon the record of the Confirmation Hearing; and

After due deliberation thereon and sufficient cause appearing therefore;

**IN ACCORDANCE** with rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Court makes the following findings of fact and conclusions of law which support final approval of the Disclosure Statement and confirmation of the Plan.  To the extent any finding of fact contained herein shall later be determined to be a conclusion of law, it shall be so deemed and to the extent any conclusion of law contained herein shall later be determined to be a finding of fact it shall be so deemed.

**The Court Finds and Concludes That:**

### Jurisdiction and Venue

1. This civil proceeding arises under sections 1128 and 1129 of title 11 of the United States Code (the "Bankruptcy Code") and arises in a case under the Bankruptcy Code.

2. Jurisdiction over this civil proceeding is vested in the United States District Court for this District pursuant to section 1334 of title 28 of the United States Code (the "Judicial Code").

3. This is a civil proceeding arising under sections 1128 and 1129 of the Bankruptcy Code and arising in a case under the Bankruptcy Code has been referred to this Court pursuant to section 157(a) of the Judicial Code and the Standing Order of Reference Regarding Title 11 Cases to Bankruptcy Judges (S.D.N.Y. February 21, 2012) (Preska, C.J.).

4. This is a core proceeding arising under sections 1128 and 1129 of the Bankruptcy Code and arising in a case under the Bankruptcy Code. See 28 U.S.C. §157(b)(1).

5. This Court may hear and determine this proceeding and enter appropriate orders and judgments pursuant to section 157(b)(1) of the Judicial Code. See 28 U.S.C. §157(b)(2)(A), (L) and (O).

6. Venue of this civil proceeding in this district is proper pursuant to section 1409 of the Judicial Code.

### Disclosure Statement

7. On October 11, 2019 this Court preliminarily determined that the Disclosure Statement contains adequate information in accordance with section 1125 of the

Bankruptcy Code.

## No Solicitation of Ballots; Objections

8. As set forth in the Affidavit of Service filed on October 11, 2019 (ECF doc. no. 21), the Plan, Disclosure Statement, Combined Hearing Motion, and Scheduling Order were served upon all interested parties in accordance with the applicable Bankruptcy Rules and the Scheduling Order.

9. All persons, entities and governmental agencies entitled or required to receive notice of the Plan and Disclosure Statement have received due, proper and adequate notice of the hearing on the adequacy of the information contained in the Disclosure Statement and the confirmation of the Plan.

10. All Objections to final approval of the Disclosure Statement or Confirmation of the Plan have been withdrawn or overruled by the Court or resolved by this order.

11. Creditors in Class 1 and Interest Holders in Class 2 are unimpaired by the Plan and are deemed to have accepted the Plan.

## Exit Financing; Equity Contributions

12. The exit financing set forth in the Exit Loan Facility Term Sheet for $29,750,000 made by Churchill Real Estate Fund, or its affiliate (ECF doc. no. 23) (the "Exit Financing") along with the Equity Contribution and the Churchill Equity Contribution, all of which have been deposited with the plan's Disbursing Agent in the amount of $ 34,415,762 (the "Plan Funding") will be sufficient to fund the balance of the Purchase Price so that the Debtor

can close on the acquisition of the Property in accordance with the APS. The Exit Financing was negotiated, proposed and entered into by the Debtor and the Exit Financing Lender without collusion, in good faith and from arm's-length bargaining position. The Plan Funding will be sufficient to pay or reserve the funds which will be needed under the Plan to satisfy the claims of the Debtor's creditors including the payment of any cure claims, pay the expenses of funding the Exit Financing and pay the expenses of the Property between the Effective Date and the date on which the Exit Financing matures without the need for further financing or financial reorganization.

### Conditions Precedent

13. All of the conditions precedent to Confirmation, if any, set forth in the Plan have been met or waived on the record in open court.

### Section 1129(a)

14. The Plan complies with the applicable provisions of the Bankruptcy Code.

15. The Plan properly classifies Claims as required by section 1122 of the Bankruptcy Code.

16. The Claims within each Class designated under the Plan are substantially similar.

17. The classification of Claims was properly made and is appropriate in accordance with the terms of the Plan and the requirements of section 1122 of the Bankruptcy Code for the purposes of distribution of the consideration to be distributed to holders of Claims under the Plan.

18. The Plan specifies that all Classes of Claims and Interests are not impaired under the Plan, as required by section 1123(a)(2) of the Bankruptcy Code.

19. The Plan provides the same treatment for each Claim of a particular Class, unless the holder of a particular Claim agrees to a less favorable treatment, as required by section 1123(a)(4) of the Bankruptcy Code.

20. The Plan provides adequate, proper and legal means for the Plan's implementation as required by section 1123(a)(5) of the Bankruptcy Code.

21. The Plan provides for the funding and payment sof the Purchase Price and payment or appropriate reserve for Allowed Claims under the Plan from the Exit Financing, the Equity Contribution and the Churchill Equity Contribution.

22. The provisions of Article 5 of the Plan with respect to the performance of the ASP are fair and appropriate and are consistent with the provisions of sections 108(b), 363 and 365 of the Bankruptcy Code.

23. The Plan is consistent with the interests of creditors and with public policy as required by section 1123(a)(7) of the Bankruptcy Code.

24. The Debtor, as proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code, and in particular, with the requirements of sections 1125 and 1126 of the Bankruptcy Code as follows: the Debtor served copies of the Plan, Disclosure Statement, Combined Hearing Motion, and Scheduling Order on all interested parties in accordance with the applicable Bankruptcy Rules and the Scheduling Order.

25. No creditor has solicited acceptances of the Plan or participated in the

offer, issuance, sale or purchase of securities of the Debtor.

26. The Plan has been proposed in good faith and not by any means forbidden by law and, viewed in the light of the totality of the circumstances surrounding the formulation, submission, distribution, and confirmation of the Plan, the Plan will fairly achieve a result consistent with the objectives and purposes of the Bankruptcy Code.

27. As required by section 1129(a)(4) of the Bankruptcy Code, any payment made or to be made by the Debtor or any person issuing securities or acquiring property under the Plan, for services or for costs and expenses in, or in connection with this case, or in connection with the Plan and incident to this case, has been approved by, or will be subject to the approval of, this Court as reasonable.

28. There are no rate changes provided for in the Plan, with respect to which rates, a governmental regulatory commission has jurisdiction over the Debtor after confirmation.

29. No holder of an allowed secured claim has made an election under section 1111(b)(2) of the Bankruptcy Code.

30. Except to the extent that the holder of a particular Claim has agreed to a different treatment of such Claim, the Plan provides that the holders of Claims of a kind specified in section 507(a)(2) of the Bankruptcy Code, subject to the provisions of article 7 of the Plan with respect to Disputed Claims, each Administrative Claim, to the extent not previously paid, shall be paid by the Disbursing Agent in Cash in full on (i) the later of (x) the Closing Date, (y) the date payment of such Claim is due under the terms thereof or applicable law, or (z) three business days after such Claim becomes an Allowed Administrative Claim or

(ii) as may be otherwise mutually agreed in writing between the Debtor and the Holder of such Claim; *provided, however,* that any Administrative Claim incurred by the Debtor in the ordinary course of its business shall be paid in full or performed by the Debtor in accordance with the terms and conditions of the particular transaction giving rise to such Administrative Claim and any agreements relating thereto.

31. The Plan provides that each holder of a Claim of a kind specified in section 507(a)(8) of the Bankruptcy Code, subject to the provisions of Article 7 of the Plan with respect to Disputed Claims, in full satisfaction, release and discharge of Priority Tax Claims, and except as may be otherwise mutually agreed in writing between the Debtor and such Governmental Units, all Priority Tax Claims shall be paid by the Disbursing Agent in Cash in full at the Closing

32. The Debtor has paid or shall pay all amounts due under 28 U.S.C. §1930, and any applicable interest thereon, in Cash in full as required by statute, and until the closing, conversion or dismissal of this case, whichever is earlier, the Post-Confirmation Debtor shall continue to be responsible for the payment of any such fees and charges

33. The Debtor does not maintain any retiree benefits, as that term is defined in section 1114(a) of the Bankruptcy Code.

**Feasibility**

34. The Plan is feasible, and confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the Plan, except to the extent that such liquidation or reorganization is

proposed in the Plan. In the event the Reorganized Debtor is unable to repay the Exit Financing upon the earlier of the acceleration or maturity date under the Exit Loan (the "Exit Loan Payment Date") the Reorganized Debtor whether by sale of the Property, refinancing of the Exit Financing or otherwise, the Debtor shall satisfy the Exit Financing obligations by turning over the Property to the Exit Financing Lender. Such transfer shall relieve the Reorganized Debtor of any obligations to the Exit Lender; provided however, that such transfer shall not be deemed a release of any guarantees provided to Exit Lender in support of the Exit Loan, which shall survive unless such guarantees expire on their own terms.

### Transfer Taxes

35. To the maximum extent provided by section 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of any security and the making or delivery of any instrument of transfer under this Plan, (including any instrument of transfer of the Property or mortgage on the Property executed in furtherance of the sale contemplated by the Plan), shall not be subject to tax under any law imposing a stamp tax or similar tax or mortgage tax. The appropriate state or local government officials or agents shall forego collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments of transfer executed in furtherance of the sale of the Property under the Plan or other documents executed in connection therewith without the payment of any such tax or governmental assessment.

    **IT IS THEREFORE**

### Disclosure Statement

**ORDERED,** that any and all objections to the Disclosure Statement and the Plan not previously resolved or withdrawn, whether filed or not, are overruled; and it is further

**ORDERED,** that the Disclosure Statement, be and hereby is, approved as containing adequate information; and it is further

### Exit Financing

**ORDERED**, that the Exit Financing is approved; and it is further

**ORDERED**, that in the event the Reorganized Debtor is unable to repay the Exit Loan upon the Exit Loan Payment Date, the Reorganized Debtor shall transfer the Property to the Exit Loan Lender. Such transfer shall relieve the Reorganized Debtor of any obligations to the Exit Lender; provided however, that such transfer shall not be deemed a release of any guarantees provided to Exit Lender in support of the Exit Loan, which shall survive unless such guarantees expire on their own terms, and it is further

### Confirmation

**ORDERED**, that the Plan, be and is hereby confirmed; and it is further

**ORDERED,** that the Plan meets each of the requirements of section 1129(a); and it is further

### Vesting of Assets

**ORDERED**, that, except as otherwise provided in the Plan, upon Confirmation, the Reorganized Debtor shall be authorized to (i) close on the Exit Financing (ii) perform under

the APS and (iii) after the Closing on the Property, execute and deliver interests in the Reorganized Debtor as set forth in the Amended and Restated Operating Agreement. Any other assets of the Debtor shall vest in the Post-Confirmation Debtor free and clear of all Liens, Claims and encumbrances; and it is further

**ORDERED**, that following the Effective Date, the Debtor may operate, buy, use, acquire and dispose of the assets of their estate and may settle and compromise any claims, interests and causes of action free of any restrictions contained in the Bankruptcy Code or the Bankruptcy Rules; and it is further

**Disbursing Agent**

**ORDERED**, that pursuant to the Plan, Robinson Brog Leinwand Greene Genovese & Gluck P.C. is hereby appointed Disbursing Agent; and it is further

**Consummation of the Plan**

**ORDERED**, that the Reorganized Debtor may enter into such agreements as are deemed by it to be necessary to consummate the Plan without further order of the Court; and it is further

**ORDERED**, that the Reorganized Debtor shall be authorized to take all necessary steps, and perform all necessary acts, to consummate the terms and conditions of the Plan including but not limited to: (a) closing on the Exit Financing, (b) performing under the APS, (c) distributing the Exit Financing, Equity Contribution and Churchill Contribution proceeds to pay Creditors and fund other expenses payable under the Plan and as set forth in the "Sources

and Uses" attached to the Second Amended Disclosure Statement as Exhibit B and (d) after the Closing, transfer 50% of the membership interests in the Reorganized Debtor to the Churchill Member pursuant to the Amended and Restated Operating Agreement; and it is further

**ORDERED**, that any Liens held against the Debtor's property by any creditor of the Debtor must be released as a condition to payment of any Allowed Claim held by such creditor; and it is further

**ORDERED**, that this Confirmation Order and all related agreements and documents necessary to implement the Plan shall be binding upon and inure to the benefit of any successors and assigns of the Debtor; and it is further

**ORDERED**, that, in furtherance hereof, and in accordance with section 1142(b) of the Bankruptcy Code, after the Effective Date, the Post-Confirmation Debtor is authorized to execute and file and record any satisfaction of lien necessary to effectuate or consummate the terms of the Plan or this Confirmation Order, in the name of the Debtor, or in the name of any necessary party thereto, and each and every federal, state and local governmental agency or department is hereby directed to accept any such document; and it is further

**Transfer Taxes; Recording and Filing Documents**

**ORDERED**, that pursuant to section 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of any security and the making or delivery of any instrument of transfer or mortgage in connection with or in furtherance of the Plan, (including any instrument executed in furtherance of the transactions contemplated by the Plan), shall not be taxed under any law imposing a stamp tax or similar tax or mortgage tax; and it is further

**ORDERED**, that the Court shall retain jurisdiction with respect to any disputes or controversies arising with respect to the above ordered paragraph; and it is further

**ORDERED**, that from and after the Effective Date, pursuant to section 1146(a) of the Bankruptcy Code, all state and local government agencies, entities or authorities are jointly and severally restrained and enjoined from commencing or continuing any action to collect from the Debtor or its Property, any stamp, mortgage tax or similar tax within the meaning of section 1146(a) of the Bankruptcy Code with respect to the transactions contemplated or described in the Plan; and it is further

**ORDERED**, that the Office of the Register of the City of New York in New York County shall record any recordable instrument of transfer or mortgage on the Property with respect to the transfer of any asset pursuant to or in furtherance of the Plan and any other related instruments contemplated under the Plan (collectively, the "Transfer Documents") presented by the Debtor or its agents without the payment of any tax within the purview of section 1146(a) of the Bankruptcy Code; and it is further

**ORDERED**, that each and every federal, state and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary, useful or appropriate to effectuate, implement and consummate the transactions contemplated by the Plan and this Confirmation Order; and it is further

**ORDERED**, that all filing officers are directed to accept for recording or filing and to record or file the Transfer Documents presented by the Debtor or its agents immediately upon presentation thereof without payment of such taxes and without the presentation of any

affidavits, instruments or returns otherwise required for recording, and the recording officer is directed to comply with the provisions of this Confirmation Order; and it is further

### Releases and Injunction

**ORDERED**, that the provisions of the Plan, including Article 8, shall bind the Debtor and all creditors of the Debtor; and it is further

**ORDERED**, on the Confirmation Date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the Effective Date, to the extent specified in §1141(d)(1)(A) of the Code, except that the Debtor and the Post-Confirmation Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in §1141(d)(6)(A); or (iii) of a kind specified in §1141(d)(6)(B); and it is further

**ORDERED**, that to the maximum extent permitted under Section 1125(e) of the Bankruptcy Code, the Debtor nor any of its respective officers, directors, or employees (acting in such capacity) nor any professional person employed by any of them, shall have or incur any liability to any entity for any action taken or omitted to be taken in connection with or related to the formulation, preparation, dissemination, Confirmation or consummation of the Plan, the Disclosure Statement or any contract, instrument, release or other agreement or document created or entered into, or any other action taken or omitted to be taken in connection with the Plan except in the case of fraud, gross negligence, willful misconduct, malpractice, breach of fiduciary duty, criminal conduct, unauthorized use of confidential information that causes damages, or ultra vires acts, and provided that nothing set forth in Section 8.2 of the Plan shall limit the liability of the Debtor's professionals pursuant to Rule 1.8 (h)(1) of the New York State

Rules of Professional Conduct; and it is further

**ORDERED**, that from and after the Effective Date, a copy of the Confirmation Order and the Plan shall constitute and may be submitted as a complete defense to any claim or liability released pursuant to this article 8 of the Plan; and it is further

**ORDERED,** that, (a) except (i) as otherwise provided under Final Order entered by the Bankruptcy Court or (ii) with respect to the Debtor's obligations under the Plan, the entry of the Confirmation Order shall forever stay, restrain and permanently enjoin with respect to any Claim held against the Debtor as of the date of entry of the Confirmation Order (i) the commencement or continuation of any action, the employment of process, or any act to collect, enforce, attach, recover or offset from the Debtor, from the Property, or from property of the Estate that has been or is to be distributed under the Plan, and (ii) the creation, perfection or enforcement of any lien or encumbrance against the Property and any property of the Estate that has been or is to be, distributed under the Plan.  Except as otherwise provided in the Confirmation Order, the entry of the Confirmation Order shall constitute an injunction against the commencement or continuation of any action, the employment of process, or any act to collect, recover or offset from the Debtor, from the Property or from property of the Estate, any claim, any obligation or debt that was held against the Debtor by any person or entity as of the Confirmation Date except pursuant to the terms of this Plan. The entry of the Confirmation Order shall permanently enjoin all Creditors, their successors and assigns, from enforcing or seeking to enforce any such Claims; and it is further

**ORDERED,** that, the foregoing injunction shall apply to the holder of a debt, claim or interest, whether or not a proof of claim was filed or deemed filed, whether such claim was allowed, whether or not the holder of such claim accepted the Plan, and whether or not the right to payment was reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; and it is further

### Statutory and Professional Fees

**ORDERED**, that the Reorganized Debtor shall (1) pay all amounts due under 28 U.S.C. §1930, and any applicable interest thereon, in Cash in full as required by statute until the closing, conversion or dismissal of this case; and (2) file all required quarterly disbursements reports no later than twenty days after the end of each quarter until the closing, conversion or dismissal of this case; and it is further

### Retention of Jurisdiction

**ORDERED**, that in addition to the retention of jurisdiction with respect to transfer taxes, the Court shall retain jurisdiction of this case with respect to motions pending before this Court on or before the Effective Date and thereafter, and matters provided for in Article 10 of the Plan, including, but not limited to ensuring that the Plan is consummated, resolving any and all controversies, suits or issues arising in connection with the consummation, interpretation or enforcement of the Plan or obligations arising thereunder, to the consideration of any objections filed within the time permitted pursuant to the Plan to the allowance of any Claim and other matters arising out of or related to the Plan; and it is further

{01034748.DOC;1 }                                    16

### Notice Provisions and Claims Bar Dates

**ORDERED**, that notice of the entry of this Confirmation Order shall be mailed by the Debtor to all of its creditors, and other such parties as are entitled to notice within ten days of the date of entry this Confirmation Order; and it is further

**ORDERED**, that any claims of a kind specified in Article 2 of the Plan that are not filed on or before the respective deadlines set forth therein shall not participate in any distribution under the Plan and shall be forever barred; neither the Debtor, nor its estate, nor any disbursing agent, nor any officer, director, employee or professional person employed by any of the foregoing shall have any liability therefor or with respect thereto; and any holder of any such claim shall be forever barred from asserting any such claim against the Debtor, its estate, any disbursing agent, any officer, director, employee or professional person employed by any of the foregoing, or its respective property, whether any such claim is deemed to arise prior to, on or subsequent to the Effective Date; and it is further

**ORDERED,** that notwithstanding anything to the contrary contained in this Order, nothing in this Order shall preclude any claim or defense of any non-party against any other non- party; and it is further

**ORDERED**, that, except as otherwise hereafter directed by the Court, notice of all subsequent pleadings in this case shall be limited to (i) the Debtor, (ii) Debtor's counsel, (iii) the United States Trustee, (iv) the Exit Lender and (v) any party affected by the relief sought; and it is further

**ORDERED**, that notwithstanding Bankruptcy Rules 3020(e), 6004(h), 7062 or otherwise, this Confirmation Order shall be effective and enforceable immediately upon the entry of this Confirmation Order and the transactions contemplated under the Plan shall take place immediately.

Dated: New York, New York
November 15, 2019

                    **/s/ STUART M. BERNSTEIN**
                    **HONORABLE STUART M. BERNSTEIN**
                    **UNITED STATES BANKRUPTCY JUDGE**