# EXHIBIT E

**Churchill QPS Lender LLC**
**7 Mercer Street, 2nd Floor**
**New York, NY 10013**

**NOTICE OF ACCELERATION AND DEMAND FOR PAYMENT**
**OR TURNOVER OF COLLATERAL**

January 27, 2021

**VIA FEDEX**

AAGS Holdings LLC
10 West Street, PH
New York, New York 10004
Attention: Gary Segal

Re:    Exit Loan in the amount of $29,750,000.00

Dear Mr. Segal:

Reference is made to that certain exit loan in the maximum aggregate principal amount of up to $29,7500,000.00 (the "Loan"), made pursuant to that certain Exit Financing Loan Agreement, dated as of November 20, 2019 (the "Loan Agreement"), by and between AAGS HOLDINGS LLC ("Borrower") and CHURCHILL QPS LENDER LLC ("Lender"); and that certain Notice of Default dated January 26, 2021 (the "Notice of Default"). Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Loan Agreement.

**NOTICE IS HEREBY GIVEN to Borrower and the Guarantor that, pursuant to Section 8.2 of the Loan Agreement, as a result of the occurrence and continuation of the Events of Default outlined in the Notice of Default, Lender hereby declares all Obligations immediately due and payable. LENDER HEREBY DEMANDS that the Borrower and the Guarantors immediately pay the Lender the full amount of the Obligations outstanding under the Loan Agreement plus interest, fees, expenses, and charges accrued through the date of payment.**

**NOTICE IS FURTHER GIVEN to Borrower and Guarantor that, pursuant to that certain ORDER GRANTING FINAL APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMING PLAN OF REORGANIZATION, Dkt. No. 46, In re AAGS Holding LLC, 19-13029 (Nov. 15, 2019, Bankr. S.D.N.Y.) (the "Confirmation Order"), if Borrower "is unable to repay the Exit Financing upon the earlier of the acceleration or maturity date under the Exit Loan (the "Exit Loan Payment Date") the Reorganized Debtor whether by sale of the Property, refinancing of the Exit Financing or otherwise, the Debtor shall satisfy the Exit Financing obligations by turning over the Property to the Exit Financing Lender . . . ." Confirmation Order at ¶ 34. If Borrower is unable to repay the Obligations in full on or before close of business Friday, January 29, 2021, Borrower is to tender to the Deed to the**

**Property by Noon on Monday, February 1, 2021, as set forth in the Confirmation Order. Lender reserves all rights to take all necessary action in the event that repayment is not made or the deed to the Property is not tendered.**

As of the date of this letter, the total amount of principal and accrued interest outstanding, together with and fees or amounts now due and owing under the Loan Agreement or any other Loan Agreement, is $32,071,987.50 (which does not include reimbursable legal fees owed pursuant to the Loan Agreement) and which consists of the following:

| Category | $'s |
|---|---|
| Principal Balance: | $29,750,000 |
| Default Interest (11/20/20 - 1/27/21): | $1,368,500 |
| Minus: Extension Fee: | ($148,750) |
| Minus: Interim Payments: | ($425,000) |
| Late Fee (5% of unpaid sum): | $1,527,238.50 |
| **Sub-Total:** | **$32,071,987.50** |

Due to the Event of Default, the principal of and, to the extent permitted by law, interest on all of the Obligations under the Loan Agreement continues to bear interest at the Default Rate. Please be advised that the Lender intends to collect the indebtedness due to it under the Mortgage Loan Agreement and may exercise any and all rights and remedies available to it, including, without limitation, such rights and remedies as are granted pursuant to the terms of the Loan Agreement. Nothing herein contained shall be deemed to be an election of remedies by the Lender. The exercise by the Lender of any of its rights and remedies under the Loan Agreement shall not be deemed a waiver of or preclude the exercise of any other of its rights and remedies under the Loan Agreement, or any rights and remedies at law or in equity (and all such rights and remedies are specifically reserved). Nothing contained in this letter nor any delay or failure by the Lender in exercising any rights or remedies under the Loan Agreement, or applicable law with respect to the Event of Default shall be deemed to: (i) constitute a waiver of the Event of Default or any other Default or Event of Default now existing or hereafter arising or a waiver of compliance with any term or provision in the Loan Agreement; (ii) constitute a waiver of any rights, claims, and remedies under the Loan Agreement or applicable law; or (iii) constitute a course of dealing among the parties.

The Lender hereby reaffirms that all rights and remedies of the Lender at law, at contract, in equity, or otherwise arising under the Loan Agreement due to the occurrence and continuation of the Event of Default are reserved.

Very truly yours,

CHURCHILL QPS LENDER LLC

By: _____
Name: Sorabh Maheshwari
Title: Authorized Signatory

2

CC:

    Goldberg Weprin Finkel Goldstein LLP
    1501 Broadway, #22
    New York, New York 10036
    Attention: Andrew W. Albstein, Esq.

    Armstrong Teasdale
    919 Third Ave., 37th Floor
    New York, NY 10022
    Attention: Ryan M. Wilson, Esq.